# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL F. TUFANO,<br><br>  Plaintiff,<br><br>v.<br><br>UNIFIN, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:23-cv-01209<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHAEL F. TUFANO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of UNIFIN, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692e *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age, residing in Woodhaven, New York.

5. Defendant is a third-party debt collector and "full service BPO and Accounts Receivable Management firm"[1] engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due to another using the mail and telephone from consumers across the country, including from those in the state of Florida. Defendant is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 5996 W. Tuohy Avenue, Suite 2000, Niles, Illinois 60714.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon an aged Lowe's credit card consumer debt ("subject consumer debt") from Plaintiff, which Plaintiff purportedly owes.

8. Prior to the actions giving rise to the claims herein, the subject consumer debt became delinquent and went into default on or about April 30, 2007; no payment was made on the subject consumer debt since.

9. Upon information and belief, after the subject consumer debt was in default, Defendant acquired the right to collect or attempt to collect the subject consumer debt.

10. On or about January 2, 2023, Defendant mailed a letter to Plaintiff seeking collection of the subject consumer debt. Such letter reflected that the subject consumer debt went into default on April 30, 2007. Further, such letter also reflected that no payments were made on the subject consumer debt since the itemization date of October 31, 2007.

---

[1] https://www.unifinrs.com/

11. Confused by the letter, Plaintiff called Defendant to inquire about the letter from Defendant and the subject consumer debt reflected therein.

12. On such a call, Defendant deceptively and falsely communicated to Plaintiff that the subject consumer debt was not outside the statute of limitations and threatened to report the subject consumer debt on Plaintiff's credit report if Plaintiff did not make a payment on the same.

13. 735 ILCS 5/13-205 declares the statute of limitations on an open-ended credit obligation to be 5 (five) years.

14. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, limits what information can be reported on a credit report.

15. Specifically, 15 U.S.C. § 1681c(4) states that no consumer reporting agency may make any consumer report containing accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

16. Further, 15 U.S.C. § 1681c(5) states that no consumer reporting agency may make any consumer report containing any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

17. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, increased blood pressure, as well as numerous violations of his federally-protected interests to be free from harassing, abusive, and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d *et seq.***

25. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

26. Defendant violated 15 U.S.C. § 1692d by harassingly threatening to report the subject consumer debt on Plaintiff's credit report despite it not having the lawful ability to due so.

    b. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A).

4

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

29. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it deceptively and falsely lied about the subject consumer debt not being outside the Illinois State statute of limitations and threatened to report the subject consumer debt on Plaintiff's credit report despite it not being able to do so starting 7 (seven) years after the April 30, 2007 default.

    c. **Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by threatening to report the subject consumer debt on Plaintiff's credit report despite not having the lawful ability to do so.

WHEREFORE, Plaintiff, MICHAEL F. TUFANO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: February 27, 2023                    Respectfully submitted,

                                                 s/ Nathan C. Volheim

Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com